CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

JUN 2 5 2008

BY: JOHN F. CORCORAN, CLERK
     /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. 7:05CR00051-001 |
| v. | ) **MEMORANDUM OPINION** |
| DARNELL BERNIE CALLOWAY. | ) By: James C. Turk |
| | ) Senior United States District Judge |

Defendant Darnell Bernie Calloway filed motions arguing that he should receive a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 of the United States Sentencing Guidelines ("USSG"), which reduced offense levels for crack cocaine offenses. The court took the motions under advisement and then notified Calloway that although he appeared to be eligible for a reduction of his sentence, the court did not find it appropriate to grant any reduction. The government filed a response to this Notice, opposing any reduction. The court appointed an assistant federal public defender to represent Calloway as to the appropriate application of the Amendment to his case. Counsel then filed a brief, arguing that the court had incorrectly calculated Calloway's amended guideline range and that he was entitled to a sentence reduction below the amended range comparable to the reduction he received at sentencing based on the government's substantial assistance motion. The court finds that no further reduction is appropriate in Calloway's case.

Calloway stands convicted of one count of conspiracy to distribute and possess with intent to distribute 50 grams or more of crack cocaine. On May 15, 2007, the court sentenced him to 96 months imprisonment. Once the Sentencing Commission decreed that Amendment 706 would be

1

retroactively applicable to cases final before the Amendment's November 1, 2007 effective date, the court had statutory authority under § 3582(c) to revisit Calloway's sentence in order to apply the Amendment. Pursuant to USSG § 1B1.10(b)(2), however, the court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range . . ." unless the "original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing. . . ."

Calloway's original term of imprisonment was below his original guideline range. Calloway's original range was 108-135 months, based on an adjusted offense level of 29 and criminal history category III. However, a statutory mandatory minimum of 120 months applied to Calloway's offense under 21 U.S.C. § 841(b)(1)(B). Because USSG § 5G1.1(c)[1] prohibits the judge from giving a sentence below the statutory mandatory minimum unless an exception applies, the court initially could consider only part of Calloway's guideline range: 120-135 months. Once the court granted the government's motion for reduction based on Calloway's cooperation with law

---

[1] Section 5G1.1 reads as follows:
(a) Where the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence.

(b) Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.

(c) In any other case, the sentence may be imposed at any point within the applicable guideline range, provided that the sentence--
    (1) is not greater than the statutorily authorized maximum sentence, and
    (2) is not less than any statutorily required minimum sentence.

2

enforcement, under 18 U.S.C. § 3553(e) and USSG § 5K1.1, the court could sentence Calloway below the statutory mandatory minimum and the guideline range. Accordingly, the court sentenced Calloway to 96 months on the drug count.

Amendment 706 reduced Calloway's offense level to 27, making his guideline range 87-108 months. Counsel argues that the government's substantial assistance motion on Calloway's behalf "dispensed with the mandatory minimum in his case" and Calloway should receive a reduced sentence of 75 months, as such a reduction would be comparably less than his amended guideline range. The court finds no merit to this argument.

The government's substantial assistance motion did not "dispense with" the statutory mandatory minimum in this case. In cases like Calloway's, when part of the guideline range is "trumped" by the statutory mandatory minimum sentence under § 5G1.1(c), the court uses the mandatory minimum (and not the lower end of the guideline range) as a starting point from which to calculate any sentence reduction for substantial assistance. See United States v. Pillow, 191 F.3d 403, 407-08 (4th Cir. 1999) (finding that district court did not err in calculating extent of departure from mandatory minimum and not from lower end of guideline range); United States v. Cordero, 313 F.3d 161, 165 (3d Cir. 2002) (same holding and citing other circuits). Yes, Calloway's guideline range was reduced by application of Amendment 706, allowing the court to revisit his sentence under § 3582(c). Amendment 706 had no effect on the statutory mandatory minimum, however, which is now Calloway's guideline sentence, pursuant to § 5G1.1(b). Thus, the starting point for calculating a reduction based on his substantial assistance under § 3582(c) is the same as it was at sentencing—the statutory mandatory minimum of 120 months. In setting his original sentence, the court fully considered the extent of Calloway's cooperation and, under § 3553(e), is limited to

3

considering only that cooperation in moving below the statutory mandatory minimum. Starting at the same point and considering the same factor in calculating the reduction, the court can only conclude that 96 months is still the appropriate sentence for Calloway's drug offense.[2]

For the stated reasons, the court does not find it appropriate to grant any further sentence reduction as argued by counsel. An order addressing defendant's eligibility for a reduction under § 3582(c)(2) will be entered this day.

The Clerk is directed to send a copy of this opinion and the accompanying order to the defendant at his current place of confinement, to counsel of record for the parties, and to the United States Marshals Service.

ENTER: This 25th day of June, 2008.

                                                         /s/ James C. Turk
                                                        Senior United States District Judge

---

[2]To the extent that denial of Calloway's request for a sentence reduction under Amendment 706 seems inequitable when inmates who did not cooperate with law enforcement have received reductions, the fault lies in the fact that Amendment 706 did not change the statutory mandatory minimum from which this result is dictated. Only Congress, not the sentencing commission or the court, can change the statutory mandatory minimum.

4